1:31



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

O-6880 4/u
vo far as it conflicts

Opinion No. O-1549
Re: What is the status of terri-
tory which is part of a wet
precinct and which is annex-
ed to a dry city?

Your request for an opinion on the above stated
question has been received by this Department.

We quote from your letter as follows:

"A city which is dry is proposing to annex
some territory which is a part of a local pre-
cinct which is wet. I would like your opinion
as to the status of the annexed territory, wheth-
er it will retain its wet status or whether it
will take the status of the annexing city as dry."

On March 4, 1936, this Department rendered an opin-
ion written by Honorable Leon O. Moses, Assistant Attorney
General, addressed to Honorable Jess M. Brown, Fort Worth,
Texas, holding that where a precinct as a whole has prohibit-
ed the sale of intoxicating liquors no portion thereof may
legalize the sale of beer.

We quote from the case of Griffin v. Tucker, 118
S. W. 635, as follows:

"In the right given to a subdivision is
implied the power by adopting prohibition to
put a rule in force whereby the sale of liquor
shall be made unlawful in every foot of its
territory, and from this it results that no
part of that territory can make the sale law-
ful in such part, since that would be incon-

Honorable Bert Ford, Page 2

sistent with the power of the larger so to establish the law throughout its extent. And this is not allowed to affect the right of an included subdivision to adopt the law for itself when it has been rejected by the including one."

The courts have repeatedly held that there cannot be a wet precinct within a dry county, therefore, it would naturally follow that there could not be a wet area within a dry precinct. See Section 20, Article 16, of the State Constitution, Article 666-23 of the Penal Code, and the cases of Coker, County Judge v. Kmeicik, 87 S. W. (2d) 1076, Walling v. King, County Judge, 87 S. W. (2d) 1074, Aaron v. State, 29 S. W. 267, and Ex Parte Fields, 46 S. W. 1127.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this Department that the annexed wet territory would take the status of the annexing dry territory.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:LM

APPROVED OCT 28, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN